UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN RANDALL FUTCH,
   Plaintiff,

vs.                                   Case No. 08-1111

UNITED STATES,
   Defendant.

CASE MANAGEMENT ORDER

      This cause is before the court for consideration of the plaintiff's motion to reconsider the court's order granting the defendants' motion to dismiss his case. [d/e 73]; *see* April 13, 2009 Court Order.  The plaintiff has entitled his motion a "Motion Relating Back to Original Complaint Pursuant to Federal Rules of Civil Procedure Rule 15(c)(1)(B)." [d/e 73] However, the plaintiff cannot amend his complaint once it has been dismissed and he is asking the court to reconsider its dismissal.

      A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure.  A Rule 59(e) motion to alter or amend the judgment must be filed within ten business days of the entry of judgment, and the time period cannot be extended. Fed.R. Civ. P. 6(b); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).  The plaintiff's motion was filed well past this deadline.

      A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994).

      The defendant in this case filed a motion to dismiss the plaintiff's lawsuit because the plaintiff had failed to inform the court that he has accumulated three strikes pursuant to Title 28, United States Code, Section 1915, which provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The plaintiff's case clearly did not involve "imminent danger" since he was disputing the taking of money from his account. In addition, the court found that the plaintiff was obviously aware that he had earned three strikes. *See Futch v Davis,* Case No. 05-2589, *Futch v Finnerty,* Case No. 05-2529 in the United States District Court of South Carolina; *Futch v. Susan Wheeler,* Case No. 01-1163 in the United States District Court for the Central District of Illinois; *Futch v. McKinnon*, Case No 08-3469 in the United States District Court of New Jersey. A judge in the United States District Court for the Southern District of George had even suggested that the Administrative Office of the U.S. Courts modify the court docketing software to red-flag filers that warranted additional scrutiny, stating that "[u]ntil then, judicial resources will continue to be wasted by serial filers like Futch." *See* April 13, 2009 Court Order, p. 1 *quoting Futch v Drug Enforcement Agency,* Case No. 07-057. Therefore, the court therefore revoked the plaintiff's *in forma pauperis* status and dismissed his case.

In his motion, the plaintiff simply states that he is entitled to relief under the Federal Tort Claims Act. The plaintiff also appears to allege he had not earned strikes, but provides no proof of that allegation. The plaintiff has not met his burden pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and his motion is denied.

IT IS THEREFORE ORDERED that the plaintiff's motion for reconsideration of the April 13, 2009 Order dismissing his case is denied. [d/e 73]

Enter this 19th day of August, 2010.

        **s\Harold A. Baker**
        HAROLD A. BAKER
        U.S. DISTRICT JUDGE